WILLIAM J. HATCHER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When an offence is tried upon an indictment, founded upon the special present-
ment of the grand jury, it is not indispensably necessary that the presentment
should be read to the jury as a part of the proof in the case.

Indictment for carrying concealed weapons, &c. Tried before Judge CABINESS, at May Term, 1857. In Paulding Superior Court.

The defendant William J. Hatcher, was indicted, upon a special presentment by the grand jury of Spalding county, for carrying about his person concealed weapons.

The State having closed its testimony without offering in evidence the special presentment upon which the indictment was founded; counsel for defendant moved for a verdict of not guilty. The Court refused the motion.

Defendant having closed his testimony, the Court charged the jury, that they must be satisfied from the evidence that the grand jury had made a special presentment or found a true bill against the defendant, before he could be convicted.

The jury found the defendant guilty.

Whereupon counsel for defendant moved for a new trial.

1st. Because the Court erred in refusing to order a verdict for the defendant, there having been no evidence submitted to the jury, of any accusation of defendant by the grand jury, the special presentment not having been offered in evidence.

2d. Because the Court erred in refusing to charge as requested by defendant's counsel, that the entry on the indictment of " this bill of indictment founded upon a special presentment of the grand jury," and which entry was signed by the Solicitor General, was not evidence that a special presentment had been made by the grand jury.

The Court overruled the motion for new trial, and counsel for defendant excepts.

John J. Floyd, for plaintiff in error.

L. R. Daniel, Sol. Pro. Tem, for defendant in error.

*By the Court*—Lumpkin, J. delivering the opinion.

The question in this case is, whether when a case is tried upon an indictment, founded upon a special presentment of the grand jury, the States' attorney is bound to read to the traverse jury, the special presentment, as an indispensable part of the proof in the case; and failing to do so, the defendant is entitled to a verdict of acquittal or a new trial?

It is conceded that the party is tried upon the indictment and not upon the presentment. When the defendant is arraigned, it is upon the indictment. It is endorsed upon the back of the indictment by the State's counsel, that it is founded upon a special presentment of the grand-jury, and this is required to be done by the code. Before pleading to the indictment, the defendant is entitled to inspect the presentment, and take any exception apparent upon the face of the proceedings; as for instance, that the indictment does not correspond with the presentment; and is not supported by it; that it charges another and a different offence, or no offence at all; and if this be true, it will be good in arrest of judgment, even after conviction. But this is an exception to be decided by the Court and constitutes no part of the issue submitted to the jury. Guilty, or not guilty, is the only issue referred to the jury.

Suppose it be true, that the presentment is for one offence and the indictment for another, the Court and not the jury, will pronounce judgment in the premises.

Was it ever known or heard of, that where the foreman's name is indorsed upon a bill found by the jury, that the fact of whether or not a competent jury passed upon the indict-

ment, had to be proven to the jury? We apprehend not. And under the code, the indorsement of the Solicitor General in this case is equivalent to that of the foreman, where the jury act directly upon the indictment.

Let it be noticed too, that the fact that there was a sufficient presentment to authorize the indictment, is not controverted. A copy is before us as a part of the record. The only complaint is, that it was not read to the petit jury as a necessary part of the testimony. It was not necessary that it should have been. It constituted a part of the pleadings, but not of the proof in the case.

Judgment affirmed.